People v Perry (2023 NY Slip Op 50428(U))

[*1]

People v Perry (Shaheem)

2023 NY Slip Op 50428(U)

Decided on May 10, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, Michael, JJ.

570329/18

The People of the State of New York, Respondent,
against
Shaheem Perry, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered May 7, 2018, convicting him, upon a plea of guilty, of public lewdness, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered May 7, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because the factual allegations establish reasonable cause to believe that defendant committed a lewd act in a public place (see Penal Law § 245.00). The instrument - comprised of the misdemeanor complaint and a detailed supporting deposition - alleges that on a specified date and time, defendant exposed his "naked and erect penis" on a moving downtown number 3 train, and began masturbating. These allegations supplied defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). The minor discrepancy between the complaint and deposition regarding the precise location of the moving train when the incident occurred was merely technical, not jurisdictional, and defendant waived his objection thereto by entering his plea of guilty (see People v Taylor, 65 NY2d 1, 5 [1985]; People v Iannone, 45 NY2d 589, 600—601 [1978]; People v Martin, 155 AD3d 589 [2017], lv denied 30 NY3d 1117 [2018]; People v Johnson-McLean, 71 Misc 3d 31 [App Term, 1st Dept 2021], lv denied 37 NY3d 966 [2021]; People v Vargas, 55 Misc 3d 130[A], 2017 NY Slip Op 50387[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1088 [2017]).
In light of our conclusion that the accusatory instrument was jurisdictionally sufficient, the Court of Appeals' holding in People v Hardy (35 NY3d 466 [2020]) that informations and complaints cannot be amended to correct erroneous facts does not warrant a contrary result. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 10, 2023